UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWAYNE A. BUSH,                )<br>    Plaintiff,              )<br>                                          )<br>v.                                      )<br>                                          )<br>J&J TRANSMISSION, INC. and )<br>JOHN GIBLIN,                   )<br>    Defendants.          ) | 11-cv-289<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Dwayne Bush ("Bush"), an African-American male, brings forth this action against defendants J & J Transmissions, Inc., an Illinois corporation doing business as Mr. Transmission, and John Giblin ( "Giblin"), alleging violations of his right to contract under 42 U.S.C. § 1981. Giblin also alleges several state law claims for violations of the Illinois Consumer Fraud and Deceptive Practices Act, common law fraud, and declaratory and injunctive relief. The defendants move for summary judgment pursuant to Fed. R. Civ. P. 56(c). For the following reasons, the defendants' motion is granted in its entirety.

**Background**

Bush is a resident of Stone Mountain, Georgia. Giblin is an Illinois resident who operates a Mr. Transmission repair facility in Bourbonais, Illinois. On September 21, 2010, Bush drove his 1994 Cadillac Concourse from his home in Georgia to his brother's home in Monee, Illinois to attend his daughter's wedding. While traveling, the "Service Engine Soon" light appeared on the vehicle's instrument panel and Bush contacted his mechanic in Georgia who suggested that he take his car to a local repair shop to determine if there was a problem with the vehicle's transmission. It is at this point that the facts at the crux of this case come to light. The Court notes that a contentious relationship between a car repair mechanic and customer is not unusual.

On September 28, 2010, Bush brought his car to Giblin's Mr. Transmission franchise located in Bourbonais. Giblin and his employees ran some diagnostic tests on the vehicle without charge. The parties dispute the precise nature of the diagnostic tests performed, whether Giblin test drove the car, and whether there were issues with the fourth gear of the car on that

date. However, both parties acknowledge that at some point Giblin discovered error codes from the vehicle's onboard computer which indicated possible problems with the car's transmission. Giblin told Bush that further tests would be necessary to properly diagnose what was wrong with the car. On October 1, 2010 Bush left his car at the Mr. Transmission facility for further examination.

After examining the car further, Giblin called Bush and informed him that the transmission needed to be rebuilt or replaced. On October 2, 2010, Bush and his brother went to Mr. Transmission to view exactly what was wrong with the vehicle and what parts Giblin stated needed to be replaced. Giblin showed Bush damaged transmission parts; however, Bush asserts that the parts shown to him were not from his transmission or vehicle. The parties dispute the precise details of the argument that ensued and who was "hollering" at whom; however, it is undisputed that some contentious argument occurred between the parties. Notwithstanding the argument, Bush ordered a Coleman-Taylor transmission from a third party and agreed to have Giblin install that transmission in his vehicle for $750.00 plus the costs of fluid. The Coleman-Taylor transmission was delivered on October 8, 2010 and installed in Bush's vehicle on October 11, 2010. Giblin informed Bush that the transmission had been installed and that he could come and pick up his vehicle. When Bush arrived and attempted to pay Giblin with his debit card, Bush asserts that Giblin told him that while he typically accepted debit card payments from customers, he would not accept such payment "from you guys."[1] Giblin asserts that he called Bush beforehand and informed him that he would need to pay his bill via a certified check or cash; however, Bush denies that Giblin ever told him this. Bush also alleges that Giblin's wife walked pass him and referred to him and his brother as "you people." Giblin informed Bush that if he did not come and pick up his vehicle, he would begin charging Bush a storage fee of $20.00 a day. There is no indication that Bush ever retrieved the vehicle. On January 14, 2011, Bush filed this instant action alleging that Giblin discriminated against him in violation of 42 U.S.C. § 1981 as well as several state law claims. The defendants move for summary judgment arguing that Bush fails to demonstrate discriminatory intent.

---

[1] There is some confusion as to whether Giblin said "you guys" or "you two guys."

**Legal Standard**

A party seeking summary judgment has the burden of showing, through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, courts "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Allen v. Cedar Real Estate Group, LLP*, 236 F.3d 374, 380 (7th Cir. 2001). The nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

**Discussion**

42 U.S.C. § 1981 "prohibits discrimination in the making and enforcement of private contracts." *Black Agents & Brokers Agency, Inc. v. Near N. Ins. Brokerage*, 409 F.3d 833, 837 (7th Cir. 2005). Specifically, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "The term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a claim under § 1981, Bush must prove that: 1) he is a member of a racial minority; 2) Giblin intended to discriminate against him on the basis of race; and 3) the discrimination concerned any of the activities enumerated in § 1981. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). Giblin concedes that Bush satisfies the first and third prongs, but argues that Bush fails to establish discriminatory intent.

Title VII and §1981 claims require an equivalent analysis. *See Williams v. Waste Management of Illinois, Inc.*, 361 F.3d 1021, 1028 (7th Cir. 2004). Therefore, in order to prove a case under § 1981, a plaintiff can present evidence of discriminatory intent using either the direct or indirect methods of proof. *Kundacina v. Concession Servs.*, No. 96 C 4422, 1997 U.S. Dist. LEXIS 6021, at *5-6 (N.D. Ill. Apr. 30, 1997). Under the direct method, Bush must show that his race was a motivating factor in Giblin's refusal to allow him to pay with his debit card. Direct evidence is "evidence which if believed by the trier of fact, will prove the particular fact

in question without reliance upon inference or presumption." *Id*. at *6-7 (internal quotations omitted). Where no direct evidence exists, discriminatory intent may be demonstrated using the indirect-burden shifting method established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-805, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). Under the indirect method, "the plaintiff [first] has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the [defendant's] rejection.' Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Kundacina*, 1997 U.S. Dist. LEXIS 6021, at *11-12 (citing *Collins v. State of Illinois*, 830 F.2d 692, 698 (7th Cir. 1987)).

Here, there is no direct evidence of discriminatory intent. Accordingly, Bush argues that Giblin's reference to him and his brother as "you guys" or "you two guys" and Giblin's wife reference to them as "you people" can reasonably be inferred to indicate racial animus. As stated earlier, a contentious relationship between a car repair mechanic and car owner is not unusual. In this light, the Court notes that Giblin presents a legitimate, nondiscriminatory reason for his refusal to accept debit card payments from Bush. Specifically, Giblin claims that he was concerned about debit card payments from the plaintiff after hearing Bush state that he would charge his transmission payment back if he had a problem with it. Bush denies ever making such a statement. At summary judgment all inferences must be made in favor of the non-movant, *Scaife v. Cook County*, 446 F.3d 735, 738-39 (7th Cir. 2006); accordingly, for present purposes this disputed fact resolves in Bush's favor and this Court will assume that Bush never made such a statement concerning charging back payments. Nonetheless, Giblin also argues that his concern over receiving payment via debit card from Bush was due to their contentious interactions throughout the diagnostic testing and installation of the new transmission.

In order to establish pretext a plaintiff must show that the defendant is lying or that the defendant's reasoning has no basis in fact. *Alexander v. Biomerieux, Inc.*, 485 F. Supp. 2d 924, 933 (N.D. Ill. 2007); *see also Lesch v. Crown Cork & Seal Company*, 282 F.3d 467, 473 (7th Cir. 2002). It is not sufficient for the plaintiff to merely prove that the defendant's reason was doubtful or mistaken. *Alexander*, 485 F. Supp. 2d at 933; *see also Crim v. Board of Educ.*, 147

4

F.3d 535, 541 (7th Cir. 1998). While "it is undeniable that the phrase 'you people' [and similar phrases] can be used in a derogatory manner," here, there is no evidence that this was Giblin's intent and Bush fails to proffer any arguments or evidence that Giblin's stated nondiscriminatory reason is pretextual. *Whittaker-Ardson v. Denneys Rest.*, No. No. 05 C 6116, 2007 U.S. Dist. LEXIS 72036, at *11-14 (N.D. Ill. Sept. 26, 2007). Both parties acknowledge that some level of contentious arguments ensued when Bush returned to the Mr. Transmission facility on October 1, 2010. Regardless of who started the argument or the precise language exchanged between the parties, there was clearly some aggressive words exchanged between the parties so much so that a physical altercation almost resulted. While Giblin claims that Bush taunted him to come outside to engage in a fight to "settle this man to man," Bush claims that he only aggressively responded to Giblin after he came outside. The details of this near fight however are immaterial. Clearly the interactions between the parties were contentious. Giblin cites this as one of his reasons for refusing Bush's debit card payment and Bush proffers no arguments or evidence that such stated reason is pretextual. The defendants' motion for summary judgment is granted as to plaintiff's §1981 claims. In accordance with 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and Bush's complaint is dismissed in its entirety.

**Conclusion**

For the foregoing reasons, defendants' motion for summary judgment is granted and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.
Date: January 14, 2014

                                              Sharon Johnson Coleman
                                              United States District Judge